F3UKASWP                         PLEA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

              v.                        04 CR 356 (KBF)

HAROON ASWAT,

              Defendant.

------------------------------x

                                        New York, N.Y.
                                        March 30, 2015
                                        1:15 p.m.


Before:

               HON. KATHERINE B. FORREST,

                                        District Judge


                         APPEARANCES


PREET BHARARA,
     United States Attorney for the
     Southern District of New York
IAN P. McGINLEY
SHANE STANSBURY
JOHN P. CRONAN
     Assistant United States Attorney

PETER QUIJANO
ANNA SIDERIS
     Attorneys for Defendant

ALSO PRESENT:  GEORGE COREY, Special Agent

1        THE DEPUTY CLERK:  In the matter of United States of

2   America versus Haroon Rashid Aswat, 04 CR 356.

3        Counsel, please state your names for the record.

4        MR. McGINLEY:  Good afternoon, your Honor.  Ian

5   McGinley, Shane Stansbury and John Cronan, for the government,

6   and we're joined at counsel table by George Corey, an

7   investigator in our office.

8        THE COURT:  All right.  Good afternoon to all three of

9   you.

10        MS. SIDERIS:  Good afternoon, Judge Forrest.  For the

11   defendant, Haroon Rashid Aswat, Anna Sideris and Peter Quijano.

12        Mr. Aswat is present and ready to proceed.

13        THE COURT:  All right.  Thank you.  Good afternoon,

14   all of you.

15        We are here today because the Court has received a

16   signed plea agreement between Mr. Aswat and the government

17   indicating that Mr. Aswat is contemplating changing his plea on

18   two counts, Counts Five and Six of the indictment, from not

19   guilty to guilty.  And the purpose of this proceeding today is

20   to go through the matters relating to that potential plea.

21   That's what I have on the agenda.

22        Does anyone else have anything else on the agenda?

23        MR. McGINLEY:  No, your Honor.

24        MS. SIDERIS:  No, your Honor.

25        THE COURT:  All right.  Thank you.

1        So, Mr. Aswat, it's very important that you understand

2   at the outset that even though the Court has received a copy of

3   the letter between you and the government, you have not yet

4   entered a guilty plea.  And we are going to go through various

5   rights that you have and various rights that you would give up

6   if you, in fact, decide to plead guilty today.  But you haven't

7   yet entered a plea, so if you change your mind, when I get to

8   that part of the session today, and I ask you, how do you

9   plead, you can make your final decision at that time.

10       Do you understand?

11       THE DEFENDANT:  Yes, your Honor.

12       THE COURT:  I can't hear you.

13       THE DEFENDANT:  Yes, your Honor.

14       THE COURT:  Thank you.

15       I want to make sure that your mind is clear right now,

16  and that you are able to focus and concentrate on the matters

17  that we are going to go over today, so we are going to do what

18  we always do here at this point, which is swear you in, and

19  have my deputy swear you in, and have you stand and ask you

20  some questions.  So why don't you go ahead.  Please stand,

21  Mr. Aswat.

22       (Defendant sworn)

23       THE DEPUTY CLERK:  State your full name for the

24  record.

25       THE DEFENDANT:  Haroon Rashid Aswat.

1           THE COURT:  Mr. Aswat, do you understand that you are

2     now under oath, and you have to answer my questions truthfully

3     or you could be prosecuted for perjury or lying to the Court?

4           THE DEFENDANT:  I do, your Honor.

5           THE COURT:  All right.  Thank you.

6           How old are you, sir?

7           THE DEFENDANT:  Forty.

8           THE COURT:  Where were you born?

9           THE DEFENDANT:  In the U.K, in Yorkshire.

10          THE COURT:  You can go ahead and sit down, it's okay,

11    and that way --

12          Let's see, is that mic working?

13          Yes.  So pull it up as close as you need it to be.

14    And so you were born in Yorkshire?

15          THE DEFENDANT:  Yes.

16          THE COURT:  In England?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Do you understand that if you enter a

19    guilty plea today, deportation is presumptively mandatory?

20          THE DEFENDANT:  I do, your Honor.

21          THE COURT:  I take it you never became a U.S. citizen;

22    is that right?

23          THE DEFENDANT:  I didn't.

24          THE COURT:  Are you married?

25          THE DEFENDANT:  No.

F3UKASWP                    PLEA

1          THE COURT:  Do you have any children?

2          THE DEFENDANT:  I don't.

3          THE COURT:  Have you at any point in time been treated

4    for a drug addiction?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  Have you at any point in time been treated

7    or hospitalized for any kind of psychological condition or

8    mental illness?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  Are you currently under treatment?

11         THE DEFENDANT:  I am, your Honor.

12         THE COURT:  And do you know what the diagnosis is, if

13   there is one?

14         THE DEFENDANT:  Schizophrenia.

15         THE COURT:  Are you currently taking medication for

16   that?

17         THE DEFENDANT:  I am, your Honor.

18         THE COURT:  Are you taking medication in the amounts

19   that are prescribed to you by the healthcare professionals?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Are you experiencing any kind of auditory

22   or visual hallucinations as you sit here in court right now?

23         THE DEFENDANT:  No, your Honor.

24         THE COURT:  Is your mind clear as you sit here in

25   court right now?

1        THE DEFENDANT:  Yes, your Honor.

2        THE COURT:  Do you understand why you're here?

3        THE DEFENDANT:  I do, your Honor.

4        THE COURT:  What was the highest level of schooling

5   that you completed?

6        THE DEFENDANT:  I went to college.  Two years in

7   college.

8        THE COURT:  Did you finish college?

9        THE DEFENDANT:  More or less, yes.

10        THE COURT:  All right.  Did you actually obtain a

11   degree?

12        THE DEFENDANT:  No, your Honor.

13        THE COURT:  At the time that you were in college, were

14   you also experiencing any symptoms of any kind of mental

15   illness during that period of time?

16        THE DEFENDANT:  No, your Honor.

17        THE COURT:  What was the time when those symptoms

18   began?

19        THE DEFENDANT:  When I was around 20 years old.

20        THE COURT:  20 years old?  And how old are you right

21   now?

22        THE DEFENDANT:  Forty.

23        THE COURT:  So you've had symptoms of schizophrenia

24   for the last 20 years, would that be fair?

25        THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Do you have any other mental conditions

2   apart from a diagnosis of schizophrenia?

3          THE DEFENDANT:  No, your Honor.

4          THE COURT:  Did you meet with your lawyers before

5   signing the plea agreement to discuss the terms of the plea

6   agreement?

7          THE DEFENDANT:  I did, your Honor.

8          THE COURT:  At the time that you were meeting with

9   your lawyers and reviewing the terms of your plea agreement,

10  was your mind clear at that time so that you were able to

11  concentrate on what you were agreeing to?

12         THE DEFENDANT:  It was, your Honor.

13         THE COURT:  Does either counsel have any doubt as to

14  Mr. Aswat's competency to consider now the matters that we are

15  going to go over today and to enter a plea as to Counts Five

16  and Six at the appropriate time, should he choose to do so?

17         MR. McGINLEY:  No, your Honor.

18         MS. SIDERIS:  No, your Honor.

19         THE COURT:  The Court does find that Mr. Aswat is

20  clear in his mind.  He is certainly competent to enter a plea

21  today.  He is looking the Court in the eye.  He is answering

22  the Court's questions quite clearly and quite appropriately.

23  So the Court does find that he is competent.

24         The Court makes that finding despite Mr. Aswat's prior

25  history of schizophrenia.  That condition is being treated with

1  medication, and there are no signs or symptoms of that

2  condition as Mr. Aswat sits here in court today.

3       Mr. Aswat, what we are going to do now is talk about

4  certain rights that you have and also certain rights that you

5  will be giving up if you, in fact, enter a plea of guilty.

6       Now, do you understand that you are entitled to a

7  lawyer now at every stage of these legal proceedings against

8  you?

9       THE DEFENDANT:  I do, your Honor.

10      THE COURT:  And you are represented by Ms. Sideris and

11 Mr. Quijano?

12      THE DEFENDANT:  I am, your Honor.

13      THE COURT:  And have you met with both of them?

14      THE DEFENDANT:  I have, your Honor.

15      THE COURT:  Are you satisfied with their

16 representation of you?

17      THE DEFENDANT:  I am, your Honor.

18      THE COURT:  Now, do you understand that if you went to

19 trial in this matter, you would be entitled to a lawyer to

20 represent you at that trial?  Do you understand that?

21      THE DEFENDANT:  I do, your Honor.

22      THE COURT:  Do you understand that if you enter a plea

23 of guilty to Counts Five and Six, you will be giving up your

24 right to go to trial?  Do you understand that?

25      THE DEFENDANT:  I do, your Honor.

1        THE COURT:  Now, do you think you have had enough time

2    to talk to Ms. Sideris and Mr. Quijano about the terms of your

3    letter agreement with the government?

4        THE DEFENDANT:  I have, your Honor.

5        THE COURT:  Now let's talk about the trial, and let's

6    talk about the rights that you would have at that trial and

7    more about what you would be giving up if you enter a guilty

8    plea.

9        Do you understand, Mr. Aswat, that under the laws of

10   the United States, you are entitled to a public trial on the

11   charges contained in the indictment against you?

12       THE DEFENDANT:  I do, your Honor.

13       THE COURT:  And do you understand that before you

14   could be convicted of any of the charges in the indictment, a

15   jury of 12 people would have to agree unanimously that you were

16   guilty?

17       THE DEFENDANT:  I do, your Honor.

18       THE COURT:  And do you understand that at that trial,

19   you would be presumed innocent, and the government would bear

20   the burden of proving that you were guilty beyond a reasonable

21   doubt before you could be found guilty?  Do you understand

22   that?

23       THE DEFENDANT:  I do, your Honor.

24       THE COURT:  Do you understand that you then would

25   never have to prove that you were innocent, the government

1    would always bear the burden of proof?

2              THE DEFENDANT:  I do understand, your Honor.

3              THE COURT:  Do you understand that at that trial and

4    at every stage of your case, again, you would have the right to

5    be represented by counsel?  Do you understand that?

6              THE DEFENDANT:  I do, your Honor.

7              THE COURT:  And do you understand that during a trial,

8    any witnesses for the government would have to come to court

9    and testify in front of you, and your lawyers would have the

10   opportunity to cross-examine those witnesses, to object to

11   evidence offered by the government, and to subpoena witnesses

12   to come to court, and testify on your behalf, and to seek to

13   offer documents and evidence on your behalf?  Do you understand

14   those things?

15             THE DEFENDANT:  I do, your Honor.

16             THE COURT:  And do you understand that if you enter a

17   guilty plea here today, you will be losing your right to go to

18   trial?

19             THE DEFENDANT:  I do, your Honor.

20             THE COURT:  And do you understand that you will never

21   be able to withdraw that plea once you've entered it?  Once

22   you've entered that plea, you'll be bound by that plea.  Do you

23   understand?

24             THE DEFENDANT:  I do, your Honor.

25             THE COURT:  Now, do you understand that if you were

1   convicted after a trial, you would retain all of your appeal

2   rights to such conviction, but if you plead guilty here today

3   pursuant to this letter agreement between you and the

4   government, you're giving up certain important appellate

5   rights?

6           THE DEFENDANT:  I do, your Honor.

7           THE COURT:  You understand that?

8           THE DEFENDANT:  I do, your Honor.

9           THE COURT:  Now, if you decide to plead guilty, there

10  is going to be a point in these proceedings when you're going

11  to have to give up your right not to incriminate yourself

12  because it's very important that if you plead guilty, it's

13  because you are, in fact, guilty of the crimes that you are

14  pleading guilty to.  So part of what a court does during this

15  kind of change-of-plea proceeding is the court is going to ask

16  you -- I'm going to ask you why do you think you're guilty of

17  Counts Five and Six.  And when you answer that question, you're

18  giving up your right not to incriminate yourself, not to give

19  evidence against yourself, to the extent of your answer.

20          Do you understand that?

21          THE DEFENDANT:  I do, your Honor.

22          THE COURT:  Now, let's talk about this letter

23  agreement between you and the government and about the charges

24  that you have expressed an intention possibly to enter a guilty

25  plea with respect to.  The first thing I'm going to do is have

1    my deputy mark the copy that I have received as Court Exhibit

2    1, and I am going to ask you, Mr. Aswat, if it's, in fact, your

3    signature on the last page above the line that says "Aswat"?

4              THE DEFENDANT:  That's my signature.

5              THE COURT:  All right.  And did you review this

6    agreement between yourself and the government before you signed

7    it?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  And did you discuss it with your lawyers

10   before you signed it?

11             THE DEFENDANT:  I did, your Honor.

12             THE COURT:  Do you understand what you're agreeing to

13   in this agreement dated March 25th, 2015?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  And have you had enough time to talk about

16   your agreement with your lawyers?

17             THE DEFENDANT:  I have, your Honor.

18             THE COURT:  If you take a look at the first page, you

19   will see there that this agreement says that the government is

20   willing to accept a plea to Counts Five and Six of the

21   agreement that contains the charges against you.  Do you see

22   that?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  And do you understand that in Count Five,

25   you're charged with conspiracy to provide material support and

1   resources to a foreign terrorist organization; namely,

2   al Qaeda?  Do you see that?

3           THE DEFENDANT:  Yes, I do.

4           THE COURT:  Do you understand that there are certain

5   maximum penalties that the Court can impose for that crime?

6   Those maximum penalties include a maximum ten-year term of

7   imprisonment.  Do you understand that?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  And do you understand that this crime also

10  carries a maximum term of supervised release of three years?

11  Do you understand that?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Do you understand that this crime also

14  carries a maximum fine of $250,000 and a $100 mandatory special

15  assessment?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Now, Count Six carries a separate series

18  of possible penalties.  It's a separate crime.  Do you

19  understand that?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  And Count Six charges you with providing

22  material support and resources to a foreign terrorist

23  organization; namely, al Qaeda.  Do you see that?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Do you understand that Count Six itself

1   carries a separate maximum term of imprisonment of ten years?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  And Count Six carries a maximum term of

4   supervised release of three years.  Do you understand that?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  And Count Six also carries a maximum fine

7   of $250,000 and a $100 mandatory special assessment.  Do you

8   understand that?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Now, do you understand that the Court can

11  and will separately pronounce sentence for Counts Five and Six

12  at your sentencing if you plead guilty here today, and the

13  Court may decide to run those sentences together either

14  concurrently, which means the same time, or consecutively,

15  which means one after the other?  Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  So do you understand that the Court could

18  potentially, if you plead guilty pursuant to this agreement

19  today, sentence you to up to a statutory maximum of 20 years'

20  imprisonment?  Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Now, in this agreement with the

23  government, if you turn to the next page, it also includes an

24  agreement between you and the government of what we call a

25  stipulated offense level.  That means an agreed-to offense

1   level.  And if you turn to the top of page 3 and work your way

2   backwards, the top of page 3 says that you're agreeing with the

3   government that your offense level is 37, and that the offense

4   level is reached by a calculation based on what's on page 2,

5   which is a base offense level of 26, an increase for a firearms

6   charge, and an increase due to the fact that the crime involves

7   felonies that involved or were intended to promote terrorism,

8   and then a reduction for demonstration of acceptance of

9   responsibility, and that together, it amounts to 40, and then

10  we decrease by three, and it ends up being 37.

11              Do you understand that?

12              THE DEFENDANT:  I do, your Honor.

13              THE COURT:  Now, because your offense level is 37, but

14  your statutory maximum is 20 years, you're agreeing with the

15  government, on page 3, that your stipulated guidelines range is

16  20 years.  Do you understand that?

17              THE DEFENDANT:  I do, your Honor.

18              THE COURT:  Now, you're also agreeing that your

19  Criminal History Category is VI, it's a VI.  Do you understand

20  that?

21              THE DEFENDANT:  I do, your Honor.

22              THE COURT:  Now, do you understand you will be held to

23  your agreement about a stipulated guidelines range and a

24  stipulated offense level if you enter a plea of guilty pursuant

25  to this agreement here today?

1          THE DEFENDANT:  I do, your Honor.

2          THE COURT:  Now, do you understand that the Court is

3    not a party to this agreement?  This is an agreement between

4    you, Mr. Aswat, and the government.  It's not an agreement

5    binding on the Court.  Do you understand that?

6          THE DEFENDANT:  I do, your Honor.

7          THE COURT:  That means that the Court can sentence you

8    as it deems appropriate up to, but not exceeding 20 years, but

9    ultimately, the Court will make its own determination.

10          Do you understand that?

11          THE DEFENDANT:  I do, your Honor.

12          THE COURT:  Now, in this agreement, if you turn to the

13    next page, it's page 4 -- let me just say that there are

14    lots -- every term in this agreement is important, and I am

15    only pointing out just a few of them, but every term is

16    important, but I want to have you turn to the section that

17    relates to appeal rights that you're giving up.

18          On page 4, it states that in this agreement, you are

19    agreeing not to file a direct appeal or to bring a collateral

20    challenge, including, but not limited to, a petition for habeas

21    corpus, and that you're also agreeing not to seek a sentence

22    modification, meaning a change in your sentence, of any

23    sentence that is up to and below 20 years.

24          Do you understand that?

25          THE DEFENDANT:  I do, your Honor.

1            THE COURT:  So I want to be very clear about what that

2    means.  Do you understand that if you plead guilty pursuant to

3    this agreement today, if the Court were to sentence you to a

4    term of imprisonment of 20 years, you are giving up your appeal

5    right to seek a modification of that sentence?  Do you

6    understand that?

7            THE DEFENDANT:  I do, your Honor.

8            THE COURT:  So do you understand that even if you are

9    hoping that your sentence will be a particular sentence, and

10   it's not, you are not later going to be able to withdraw your

11   plea because you're unhappy with your sentence, and you're

12   giving up your right to appeal your sentence up to 20 years,

13   which is the statutory Maximum.  Do you understand that?

14           THE DEFENDANT:  I do, your Honor.

15           THE COURT:  Now, in this agreement, you are also

16   agreeing to certain particular immigration consequences, and

17   those are on pages 5, 6 and 7.  You are agreeing to the entry

18   of a stipulated judicial order of removal.  Do you understand

19   that?

20           It means I can enter an order of removal today or at

21   any point in time that the Court deems appropriate.  Do you

22   understand that?

23           THE DEFENDANT:  I do, your Honor.

24           THE COURT:  Do you understand that you are voluntarily

25   and knowingly -- this is in the last paragraph of page 5 --

1    giving up your right to notice and a hearing and giving up any

2    rights of appeal that you may have for that stipulated removal

3    order?  Do you understand that?

4              THE DEFENDANT:  I do, your Honor.

5              THE COURT:  And do you understand that on page 6 --

6    it's now the first full paragraph -- it says that you're

7    agreeing to waive your right to any and all forms of relief or

8    protection from removal, deportation, or exclusion under the

9    immigration laws?  Do you understand that?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  And do you understand that you're also, in

12   the next paragraph, requesting that an order be issued by this

13   Court for your removal?  You're actually affirmatively asking

14   for that.  Do you understand that?

15             THE DEFENDANT:  I do, your Honor.

16             THE COURT:  And you're also agreeing to make the

17   judicial order of removal, meaning when the Court signs that

18   order, you're agreeing to make that a public document.  Do you

19   understand that?

20             THE DEFENDANT:  I do, your Honor.

21             THE COURT:  And you're also agreeing to assist the

22   immigration authorities, ICE, in the execution of your removal,

23   meaning in making your removal actually occur.  Do you

24   understand that?

25             THE DEFENDANT:  I do, your Honor.

1      THE COURT:  You are also conceding that the entry of

2  removal, the judicial order of removal, makes you immediately

3  excludable and permanently inadmissible to the United States.

4  Do you understand that?

5      THE DEFENDANT:  Yes, your Honor.

6      THE COURT:  Do you understand that that means you will

7  never be able to enter the United States again?

8      THE DEFENDANT:  Yes, your Honor.

9      THE COURT:  Now, do you understand that if you went to

10  trial, and you were convicted after a trial, you would not be

11  giving up these appeal rights that we talked about or have the

12  immigration consequences that we have talked about in terms of

13  what you have agreed to?  Do you understand that?

14      THE DEFENDANT:  Yes, your Honor.

15      THE COURT:  Has anybody promised you what your

16  sentence is going to be?

17      THE DEFENDANT:  No, your Honor.

18      THE COURT:  Has anybody promised you that there will

19  be a transfer of your sentence to any other jurisdiction?

20      THE DEFENDANT:  No, your Honor.

21      THE COURT:  Has anybody promised you that you will be

22  transferred to England to serve your sentence?

23      THE DEFENDANT:  No, your Honor.

24      THE COURT:  Has anybody made any commitment to you

25  that you will, in fact, be transferred?

1      THE DEFENDANT:  No, your Honor.

2      THE COURT:  So you understand that if you plead guilty

3  here today, and you are not, in fact, transferred, you will not

4  be able to withdraw your plea just based on the fact that you

5  are not transferred?  Are you aware of that?

6      THE DEFENDANT:  Yes, your Honor.

7      THE COURT:  Did anybody force you to sign this

8  agreement between you and the government?

9      THE DEFENDANT:  No, your Honor.

10      THE COURT:  Did anybody coerce you in any way to try

11  to make you sign this agreement?

12      THE DEFENDANT:  No, your Honor.

13      THE COURT:  Did you sign this agreement knowingly and

14  voluntarily of your own free will?

15      THE DEFENDANT:  I did, your Honor.

16      THE COURT:  Do you have any promise or commitment from

17  the government that is not contained in this letter agreement

18  between you and the government dated March 25th, 2015?

19      THE DEFENDANT:  No, your Honor.

20      THE COURT:  Have you discussed all of the appeal

21  rights and immigration consequences that you're giving up and

22  that would occur as a result of your plea agreement with your

23  lawyers?

24      THE DEFENDANT:  Yes, your Honor.

25      THE COURT:  Do you understand that in terms of appeal

1    rights -- let's go back to page 6 for a moment, there are a

2    couple of other things I want to bring out.  You are waiving

3    your right here to any claim that you were persecuted in or

4    have a present fear of persecution in the United Kingdom on

5    account of your race, religion, nationality, membership in a

6    particular social group or political opinion.  Do you

7    understand you're giving up that right?

8              THE DEFENDANT:  I do, your Honor.

9              THE COURT:  And do you understand you're also giving

10   up any right to claim that you were tortured in or have a

11   present fear of torture in the United Kingdom?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Now I wanted to discuss with you the

14   factual basis for your plea.

15             Mr. McGinley?

16             MR. McGINLEY:  Thank you, your Honor.  I don't believe

17   you allocuted the defendant that he would be giving up his

18   right to subpoena witnesses at a trial.

19             THE COURT:  I did say early on did he understand that

20   his counsel would have the right to subpoena witnesses and

21   object to evidence on his behalf, so I think it was covered.

22             Is there something more you want to do in that regard?

23             MR. McGINLEY:  That was all, your Honor.

24             THE COURT:  Okay.  We covered that.

25             Mr. Aswat, what I want to do now is, I'm going to have

1  the government set forth the elements of the crimes for Counts

2  Five and Six on the record, and then I'm going to ask you why

3  you think you're guilty of those crimes.  The reason we have

4  them set forth the elements is because when I listen to what

5  you say you did, I need to make sure that it amounts to the

6  crime as charged for Counts Five and six.

7          So, Mr. McGinley?

8          MR. McGINLEY:  Thank you, your Honor.

9          I'll start with Count Six, the substantive count,

10  which charges the defendant with providing material support and

11  resources to a foreign terrorist organization and aiding and

12  abetting that crime in violation of Title 18, United States

13  Code, Section 2339(b) and Section 2, the aiding and abetting

14  statute.

15          At the time of the defendant's conduct, that statute,

16  Section 2339(b), provided in relevant part:  "Whoever within

17  the United States or subject to the jurisdiction of the United

18  States knowingly provides material support or resources to a

19  foreign terrorist organization shall be guilty of a crime."

20          The elements of this crime are as follows:

21          First, that the defendant provided material support or

22  resources.  Material support includes training and providing

23  personnel;

24          Second, that the defendant acted knowingly;

25          Third, that the defendant provided such support or

resources to a designated foreign terrorist organization

knowing that the organization is designated by the Secretary of

State as a foreign terrorist organization, or that the

defendant knew that the organization engaged in terrorist

activity, or that the defendant knew that the organization

engaged in terrorism;

        And, fourth, that some portion of the conduct

constituting the offense occurred within the United States or

the defendant was subject to the jurisdiction of the United

States.

        Count Five charges the defendant with conspiracy to

provide material support and resources to a foreign terrorist

organization.  That crime has the elements that I just listed.

The crime of conspiring to violate Section 2339(b) has three

elements:

        First, that an unlawful agreement among two or more

people to violate the law in fact existed here.  Here, the

agreement was to provide material support and resources to a

foreign terrorist organization;

        Second, that the defendant knowingly and intentionally

joined the conspiracy; that is, that he knowingly and

intentionally joined with at least one other person in an

agreement to violate the law;

        And, third, that an act to further the conspiracy

occurred.

1      THE COURT:  So, Mr. Aswat, it's time for you to tell

2  me why you think you're guilty of Counts Five and Six, if you

3  want to proceed with the plea.

4      MR. QUIJANO:  Should he stand, your Honor?

5      THE COURT:  Because his voice is low, why don't we

6  have him sit there.  It's fine with me.

7      MR. QUIJANO:  Thank you, your Honor.

8      THE DEFENDANT:  As to Counts Five and Six, from

9  approximately October 1999 until early 2000, in Bly, Oregon,

10  London, England, and elsewhere, I agreed with others to provide

11  training to others on behalf of a terrorist organization.

12      Specifically, in the fall of 1999, at the direction of

13  Abu Hamza, I traveled to Bly, Oregon, to assist Oussama Kassir

14  in the creation of a training camp and the training of others,

15  who wanted to participate in jihad on behalf of a terrorist

16  organization.

17      At the time, I understood that Abu Hamza and Kassir

18  were associated with an Arab organization that was engaged in

19  terrorist activity and was engaged to terrorism.  I later came

20  to know that this Arab organization was known as al Qaeda.

21      While doing these things, I understood it was illegal.

22      THE COURT:  All right.  Mr. McGinley, let me ask you

23  when the knowing portion needs to have occurred and what the

24  government's view as to how that element ties in.

25      MR. McGINLEY:  Yes, your Honor.  The allocution

1  here -- and we've discussed this extensively with defense

2  counsel -- the defendant has allocuted to knowing both that he

3  was assisting a terrorist organization that was engaged in

4  terrorist activity and engaged in terrorism.  Although he did

5  not know the exact name al Qaeda, I believe, until later, that

6  is not required because he knew at the time that he was joining

7  a terrorist organization engaged in terrorism and terrorist

8  activity.

9          THE COURT:  All right.

10          So, Mr. Aswat, I just want to make sure that it's

11  correct that at the time that you were engaged in this conduct,

12  you knew that you were assisting a terrorist organization?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  And did you understand that that

15  organization was involved in terrorist activity?

16          THE DEFENDANT:  I did, your Honor.

17          THE COURT:  And you knew that at the time you were

18  engaged in these acts?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  All right.

21          Does the government believe that there is a sufficient

22  factual predicate for a plea of guilty, should the defendant

23  choose to enter one?

24          MR. McGINLEY:  Yes, your Honor.

25          THE COURT:  Ms. Sideris, Mr. Quijano, do you believe

1    that there is any reason why your client should not enter a

2    plea of guilty, should he choose to do so?

3              MS. SIDERIS:  No, your Honor.

4              THE COURT:  Mr. Aswat, the decision is ultimately a

5    decision which only you and you alone can make.  As I said at

6    the outset of this proceeding today, you haven't yet pled

7    guilty to these crimes.  Only when you say in open court

8    "guilty," will an adjudication of guilty be entered against

9    you.  Until that time, you still have your plea of not guilty.

10   So you have to make your final decision, and I am going to ask

11   you as to each count how you plead, and you will need to state

12   out loud how you plead as to each count.

13             So how now do you plead, Mr. Aswat, to Count Five,

14   guilty or not guilty?

15             THE DEFENDANT:  Guilty, your Honor.

16             THE COURT:  And how do you plead, sir, to Count Six,

17   guilty or not guilty?

18             THE DEFENDANT:  Guilty, your Honor.

19             THE COURT:  Since the Court is satisfied that you are,

20   in fact, guilty of the crimes charged in Counts Five and Six,

21   based upon your allocution before me here today, and because

22   the Court is satisfied that you know of your rights, including

23   your right to go to trial, your right to counsel, and that you

24   understand the possible penalties that could be imposed by

25   entering a guilty plea, I accept your plea as knowing, and

1  voluntary, and adequate.

2          So here's what we do next:  What we do next is we'll

3  set a sentencing date.  I have also been presented with an

4  order of removal to sign, and what I want to understand is

5  whether you're seeking a signature on that order of removal,

6  which I have reviewed, today or subsequent to and at

7  sentencing.  I want to make sure that the defendant is not sent

8  someplace by virtue of the order being implemented prior to

9  sentencing.

10          MR. McGINLEY:  Yes, thank you, your Honor.  It is for

11  sentencing.

12          THE COURT:  All right.  So the Court will hold that

13  order in abeyance until sentencing has occurred.

14          Yes.  Go ahead, Mr. McGinley.

15          MR. McGINLEY:  While we were just on the plea, your

16  Honor, I did want to proffer the properness of venue in this

17  court.  Venue is proper because the defendant was first brought

18  to the Southern District of New York, the White Plains airport,

19  from his extradition from the U.K.  He first landed in the

20  Southern District.

21          THE COURT:  All right.

22          Ms. Sideris, do you agree to that proffer?

23          MS. SIDERIS:  We agree, your Honor.

24          THE COURT:  All right.  Thank you.

25          Then what we will do next is set a sentencing date.

1    And probation, Mr. Aswat, is going to want to do a report.

2    They do something called a presentence investigation report for

3    all individuals who are coming before the court for sentencing,

4    and it contains a lot of information about who you are, your

5    background, any particular circumstances that the Court should

6    be aware of in connection with your sentencing.

7         The date that I received that might work for you folks

8    would be July 31st, 2015, at 11:00 a.m.

9         Is that date acceptable to you folks?  Ms. Sideris?

10        MS. SIDERIS:  Yes, your Honor.

11        MR. McGINLEY:  Yes, your Honor.

12        THE COURT:  All right.

13        Now, I do try to hold sentencing dates, and so I know

14   that this is a summertime date, and so I'm assuming that you

15   folks will clear it on your calendar.  If something comes up

16   unexpected, and you are ordered to be someplace, I can't do

17   much about that, but I would hope that you would be able to

18   really try to keep this date.

19        Is that understood, Mr. McGinley?

20        MR. McGINLEY:  Yes, your Honor.

21        THE COURT:  Ms. Sideris?

22        MS. SIDERIS:  Yes, your Honor.

23        THE COURT:  All right.  Thank you.

24        So 7/31/2015, at 11:00 a.m.  Defense submission on

25   July 17th.  Government's submission on July 24th.

1          Is there anything else we should do at this time?

2          MR. McGINLEY:  Not from the government, your Honor.

3          MS. SIDERIS:  No, your Honor.

4          THE COURT:  All right.  Thank you.  Then we are

5   adjourned.

6          MR. QUIJANO:  Thank you, your Honor.

7          MS. SIDERIS:  Thank you, your Honor.

8          (Adjourned)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25