USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

        -against-

HAROON ASWAT,

                      Defendant.

04 Cr. 356 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Haroon Aswat, a prisoner currently serving his sentence at FCI Victorville Medium II ("Victorville"), moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A). Def. Mem., ECF No. 575; ECF No. 579.

For the reasons stated below, the motion is DENIED.

## BACKGROUND

On March 30, 2015, Aswat pleaded guilty to conspiring to provide and providing material support and resources to a foreign terrorist organization in violation of 18 U.S.C. § 2339B. ECF No. 485 at 26:13–18. The Honorable Katherine B. Forrest stated at sentencing that Aswat "tr[ied] to support psychologically and inspire psychologically through whatever channels [he] could the individuals who were going to conduct violent jihad or be trained in violent jihad." Sentencing Tr. at 58:17–20, ECF No. 523. Judge Forrest also noted that Aswat "was struggling clearly with some mental health issues at one point in time." *Id.* at 10:7–8. Aswat was sentenced to 240 months' imprisonment. ECF No. 509 at 2. Aswat has served the majority of his sentence and is scheduled for release on October 13, 2022. Def. Mem. at 7; ECF No. 575-2 at 2.

Aswat primarily argues that his mental health is precarious, and that lockdowns implemented to prevent the spread of COVID-19 put his stability at risk. Def. Mem. at 9–11, 13–15. He has schizophrenia and "denies any thoughts of harm to self or others." 1/14/2021 Med. Encounter Report at 1[1]; *see* 5/19/2020 Med. Encounter Report at 1; Gov't Opp'n at 11–14, ECF No. 582. Defendant submitted a report from Eric Goldsmith, M.D., Clinical Assistant Professor of Psychiatry at the New York University Langone School of Medicine, detailing the risk of relapse in patients with schizophrenia, and the potential for isolation to exacerbate this risk, although he did not personally evaluate Aswat. ECF No. 587-1. Aswat is now 46 years old. ECF No. 575-2 at 2. In December 2020, he contracted, and has apparently since recovered from, COVID-19. 12/17/2020 Med. Encounter Report at 1; *compare* 12/23/2020 Med. Encounter Report at 1 (Aswat "is seen today for an assessment for active COVID-19 infection. . . . He denies fever, chills, headache, malaise, chest pain, sore throat, shortness of breath, cough, abdominal pain . . .") *with* 1/14/2021 Med. Encounter Report at 1 (stating that Aswat "was seen on his unit due to [COVID]-19" but reporting no other details).

On July 17, 2020, Aswat submitted a request for compassionate release to the warden of his prior facility, which was denied. ECF No. 575-4. Aswat's second request, submitted on September 15, 2020, was also denied. ECF Nos. 575-5, 575-6. On February 26, 2021, Aswat

---

[1] The parties filed Aswat's BOP medical records under seal. Because Aswat's privacy interest in his medical records outweighs the public right of access to judicial documents, the Court shall maintain the records under seal. However, given that both parties' filings discuss the essential facts of those records publicly, the Court will not redact the portion of this order that addresses Aswat's medical history. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 423 n.1 (S.D.N.Y. 2020) ("This [o]pinion includes details of [movant's] medical tests, results, and diagnoses. The vast majority of these details are in the public record, summarized in the motion papers and subsequent letters on the docket from [movant's] counsel and the Government. The medical records . . . remain under seal, but the Court draws a limited number of details from them for the purposes of this [o]pinion." (citations omitted)); *Wheeler-Whichard v. Doe*, No. 10 Civ. 358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010) ("[D]istrict courts routinely file medical records under seal . . . .").

moved this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic.  Def. Mem.

## ANALYSIS

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that— . . . in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Aswat must both meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.  The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct; [and]
>     (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

In this case, the Court concludes, and the parties agree, that Aswat has met the exhaustion requirement, because 30 days has passed since he requested compassionate release from the warden. Def. Mem. at 12; *see* Gov't Opp'n at 16 n.7.

The United States Sentencing Commission has defined "extraordinary and compelling reasons" at U.S.S.G. § 1B1.13, cmt. n.1. *See United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020). The definition, as relevant, states that extraordinary and compelling reasons for modification exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The Second Circuit recently clarified, however, that where, as here, a motion for compassionate release is brought by a defendant, rather than by the BOP, Guideline § 1B1.13 is "not applicable." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (internal quotation marks omitted). Accordingly, this Court is empowered to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," and is not bound by Guideline § 1B1.13. *Id.* at 237.

Aswat argues that lockdowns necessitated by the pandemic exacerbate his schizophrenia, Def. Mem. at 9–11, 13–15, that he is at risk of COVID-19 reinfection, *id*. at 15–16, and that schizophrenia makes him uniquely vulnerable to COVID-19, Def. Reply at 6, ECF No. 587. The Court cannot conclude that a reduction in Aswat's sentence is warranted.

Dr. Goldsmith states that, even for those in full remission, schizophrenia symptoms are at risk of returning. ECF No. 587-1 at 3. He lists several potential triggers of relapse, including "housing stressors," and notes that "individuals with chronic and serious mental illness such as

4

schizophrenia or schizoaffective disorder do not cope well with prolonged isolation in the prison environment." *Id*. However, Dr. Goldsmith has "not conducted an in-person or telemedicine interview" with Aswat, and makes no findings regarding Aswat's specific mental state. *Id.* at 1. Additionally, Aswat's medical records do not indicate that his symptoms are currently acute. *Id.* at 2 ("In reviewing the BOP records, it is difficult to conclude whether Mr. Aswat's condition is in full or partial remission at this time"); 1/14/2021 Med. Encounter Report at 1; *see* 5/19/2020 Med. Encounter Report at 1; Gov't Opp'n at 11–14. Without such an individualized assessment, the Court does not find extraordinary and compelling factors justifying release. *Cf. United States v. Pina*, No. 18 Cr. 179, 2020 WL 3545514, at *1–2 (S.D.N.Y. June 29, 2020) (concluding based on three specialists' recent personal interviews with defendant that "[he] is experiencing increasingly severe mental distress as a result of the lockdown procedures[.]").

Aswat was infected with COVID-19 and apparently recovered. 12/17/2020 Med. Encounter Report at 1; 12/23/2020 Med. Encounter Report at 1; 1/14/2021 Med. Encounter Report at 1. Where a defendant has contracted and recovered from coronavirus, courts in this district have declined to find extraordinary and compelling factors favoring release. *United States v. Marley*, 16 Cr. 374, 2020 WL 7768406, at *2–3 (S.D.N.Y. Dec. 30, 2020) ("[N]ow that [defendant] has contracted and recovered from [COVID-19] . . . there is no basis to find that [defendant] has demonstrated the extraordinary and compelling circumstances necessary to afford him the exceptional relief of a sentence reduction."); *United States v. Perez*, No. 04 Cr. 937-1, 2020 WL 4677586, at *1 (S.D.N.Y. Aug. 11, 2020) ("While it is unfortunate that defendant suffered from COVID-19 while in custody, contraction of a disease generally does not constitute an extraordinary and compelling basis for release. The fact that defendant recovered from COVID-19 further supports this conclusion.").

5

Courts have granted modified sentences in light of COVID-19 for defendants with illnesses or injuries that make them particularly vulnerable to COVID-19. *See, e.g.*, *United States v. Yu*, No. 90 Cr. 47, 2020 WL 6873474, at *4 (S.D.N.Y. Nov. 23, 2020) (collecting cases). By contrast, in cases where such illnesses or injuries were absent, courts in this district have denied requests for compassionate release. *See, e.g.*, *United States v. Brooks*, No. 11 Cr. 206, 2020 WL 6946589, at *2 (S.D.N.Y. Nov. 24, 2020); *United States v. Zehner*, No. 19 Cr. 485, 2020 WL 1892188, at *2 (S.D.N.Y. Apr. 15, 2020). Here, although Aswat suffers from schizophrenia, the Centers for Disease Control and Prevention (the "CDC") has not stated that the condition leads to a higher chance of severe illness from COVID 19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).

The Court does not disregard the risk that Aswat may be reinfected with COVID-19, or the devastating effects COVID-19 can have on even healthy individuals. The Government has an obligation to protect every person in its custody from the threat COVID-19 presents. *See Valentine v. Collier*, 140 S. Ct. 1598, 1601 (2020) (Sotomayor, J., statement respecting the denial of application to vacate stay) ("[I]n this pandemic . . . inmates everywhere have been rendered vulnerable and often powerless to protect themselves from harm. May we hope that our country's facilities serve as models rather than cautionary tales."). The Court also recognizes that Aswat has served approximately 90 percent of his sentence. However, this alone does not present an extraordinary and compelling reason for release.

## CONCLUSION

Accordingly, Aswat's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 575.

SO ORDERED.

Dated: May 20, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge